## SENTELL v. TEXAS & P. RY. CO.
### No. 4407.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

See, also, 146 So. 353.

L. Percy Garrot, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

MILLS, Judge.

Plaintiff owns and operates a plantation at Dixie near Shreveport, La. The Texas & Pacific Railway Company runs a spur track from its line over the property of plaintiff to his plantation gin. On the 13th of November, 1932, on the day previous thereto, the railway company, at the request of plaintiff, had two cars spotted at the gin to be loaded with cotton. It was the custom between these parties that cars when loaded were hauled by the north-bound freight to a siding in Dixie, and thereafter hauled by the south-bound freight to Shreveport. This is almost always done upon request of petitioner before shipping instructions are given or bills of lading issued; these formalities being subsequently attended to with the agent at Shreveport. Sometimes, when found loaded on the spur track, cars are moved to Shreveport without request.

In the present case the cars were not fully loaded until about 5 p. m., at which time both cars were closed and sealed. At fifteen minutes past eleven, it was discovered that they both were on fire.

This action, based upon a contract of carriage, is brought by plaintiff to recover from the railway company the value of the cotton damaged and destroyed by the fire. There is no suggestion of fault on the part of the defendant.

In the lower court an exception of no cause of action was sustained and plaintiff's suit dismissed, from which judgment plaintiff prosecutes this appeal.

The cars were upon the property of plaintiff at his own gin. The railroad company had no prior notice as to when they would be loaded or when they should be moved. After the cars were loaded, no notice was given the company and no request made that the cars be moved. The railroad company did not move the cars or have or exercise any control over them. No shipping instructions had been given nor bill of lading signed.

Though we have read plaintiff's brief with care and examined all the cases cited, we find no argument that convinces us, and no case that holds that such circumstances constitute a delivery. Without delivery to the company, actual or constructive, or express or implied acceptance by it, there can be no liability.

We find the judgment of the lower court correct, and it is accordingly affirmed.